# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT S. HOSAC, and KRISTINE HOSAC, husband and wife,<br><br>Plaintiff,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON CORPORATION, *et al.*,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT<br><br>Case No. 1:10-CV-593 |

Before the court is Plaintiff's Motion to Enforce Settlement Agreement which seeks a ruling declaring that the correspondence between the parties' counsels constitutes a valid and enforceable settlement agreement and an order enforcing the same. (Dkt. No. 43.) Defendants responded arguing that the parties never had a meeting of the minds as to at least one of the material terms of the contract. (Dkt. No. 44.) Plaintiff replied to Defendants' response arguing that an objective person would view the e-mail correspondence as an acceptance of a counteroffer. (Dkt. No. 45.) The court, having reviewed the submitted briefs, issues the following Memorandum Decision and Order.

Acceptance of an offer is gauged by an objective standard in Idaho. Justad v. Ward, 147 Idaho 509, 512, 211 P.3d 118, 121 (2009); see also Hampton v. Lee, 49 Idaho 16, 21-22, 285 P. 1023 (1930). The following e-mail correspondence objectively demonstrates an acceptance of a counteroffer:

- October 17, 2011 – Defendants' counsel e-mailed proposed language for the settlement

agreement. (Dkt. No. 44-2, pg 12.)

- October 21, 2011 – Plaintiff's counsel responded that the "language is fine so long as the list price is consistent with the appraised price. Can you make sure that this is the case?" Id.

- October 24, 2011 – Defendants' counsel responded that he is checking with his client and believes they are just about there. Id.

- October 25, 2011 – Defendants' counsel writes, "We have a deal, subject to the execution of a settlement agreement and release. I will draft it so your client does not incur additional atty fees. . . . Can I call off the settlement conference set for today?" Id.

- October 25, 2011 – Plaintiff agreed to cancel the settlement conference.

The court holds that the correspondence detailed above objectively demonstrates the creation of a settlement agreement. On October 17, 2011, Defendants made an offer to Plaintiff. On October 21, 2011, Plaintiff made a counteroffer to Defendants. On October 24, 2011, Defendants' counsel stated that he was checking with his client. The next day, October 25, 2011, Defendants' counsel objectively accepted Plaintiff's counteroffer by stating that they had a deal, stating that he would draft the agreement, and requesting to cancel the settlement conference. Accordingly, Defendants accepted Plaintiff's counteroffer and are a party to a contract where "the list price is consistent with the appraised price." Id.

It is hereby ordered that Plaintiff's Motion to Enforce Settlement Agreement is GRANTED.

DATED this 28th day of April, 2012.

Dee Benson
United States District Court Judge